## Case No. 8,767.

MACDONALD v. SHEPARD et al.

[4 Ban. & A. 343.] [1]

Circuit Court, D. Massachusetts. June, 1879.

PATENTS—DRESS PROTECTOR—ESSENTIAL PART OF INVENTION.

*Held,* that the "fluted or plaited border" of the complainant's dress protector, for which letters patent No. 155,534 were granted to her September 29th, 1874, is not an essential part of the invention.

[Cited in Macdonald v. Sidenberg. Case No. 8,-768; Day v. Combination Rubber Co., 2 Fed. 571.]

[This was a bill in equity by Helen M. Macdonald against John Shepard and others for the alleged infringement of a patent skirt protector.]

B. F. Butler, for complainant.

E. N. Dickerson, for defendants.

LOWELL, Circuit Judge. On this motion for an injunction, the plaintiff's evidence of infringement is somewhat vague; but, on looking at the defendants' affidavits, the exact article sold by them is shown. This article is a skirt protector, within the description of the plaintiff's patent, which was sustained by Shepley, J., Macdonald v. Blackmer [Case No. 8,758], and afterwards held

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

by me not to be anticipated by the De Forest patent [Id. 8,757], unless the "fluted or plaited" border is an essential part of the invention, so that a plain or straight border not gathered into plaits will be without the scope of the patent. This question has caused me much doubt, but, upon looking at the evidence and the arguments in the principal case, on both sides, I do not think that anything turned upon that part of the description. I understand that the fluting or plaiting is merely a part of the finish, proper and, perhaps, necessary, when the skirt to be protected is made of a certain shape, unnecessary when it is of another shape. It seems to me that both parties took for granted, in that case, that a skirt protector, not plaited, would defeat the plaintiff's patent, if proved to have been made before the date of her invention. I certainly so understood it in deciding upon the questions raised by the discovery of the De Forest patent.

The other points presented in the motion have been decided in the case above referred to.

Temporary injunction ordered.

[For other cases involving this patent, see note to MacDonald v. Blackmer, Case No. 8,758.]